IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SALEEM NURIDDIN ABDULLAH,   *
          Petitioner
      v.   *   CIVIL ACTION NO. AMD-06-1188

ALBERT J. MATRICCIANI, JR., et al.,   *
          Respondents[1]
                      ***

MEMORANDUM

On May 11, 2006, the court received petitioner's request for a writ of habeas corpus ad testificandum, seeking to be brought before this court by the U.S. Marshals so he may apply for a federal arrest warrant against a detective with the Maryland State Police and an officer with the Internal Investigative Unit of the Maryland Division of Correction for: (1) criminal conspiracy; (2) wrongful acts; (3) obstruction of justice; and (4) threat/intimidation of a witness related to an investigation arising out of confidential information provided to the Baltimore City Police Department.[2]

The document, construed as a 28 U.S.C. § 1361 petition for writ of mandamus, shall be denied and dismissed. First, petitioner may not seek mandamus relief without payment of the $350.00 filing fee.[3] Second, he does not meet the requirements for seeking mandamus relief.

---

[1]The Clerk shall amend the docket to delete the names of respondents Matricciani, Stanton, Witherspohn, and Plimack and to substitute the U.S. District Court as respondent.

[2]Petitioner alleges that a confidential informant came forward to state that petitioner had made "terroristic threats" against a sitting state circuit court judge, a state prosecutor, and a crime victim. He claims that during the course of the state's investigation into the allegation his cell was searched and personal and legal materials were taken and held for several months, causing him to miss court deadlines.

[3]Petitioner, also known as David Manuel Zolter, is currently confined at the Maryland House of Correction Annex. Petitioner has accumulated three or more dismissals of prior prisoner civil rights actions pursuant to 28 U.S.C. § 1915(e) and is subject to the restrictions of 28 U.S.C. § 1915(g). *See Abdullah v. Director of Medical Services*, Civil Action No. AMD-96-3777 (D. Md.); *Abdullah v. Supervisors*, Civil Action No. AMD-96-3950 (D. Md.); and *Abdullah v. All Medical Professionals*, Civil Action No. AMD-97-

Petitioner must show that: he has the clear legal right to the relief sought; the respondent has a clear legal duty to do the particular act requested; and no other adequate remedy is available.[4] The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). In addition, mandamus cannot be used to compel the performance of discretionary duties of federal government officers; mandamus will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995).

Petitioner has no clear right to the writ and this court has no duty to perform the requested act. Further, the court knows of no free-standing right for a private citizen to seek the criminal prosecution of individuals. Indeed, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Otero v. United States Attorney General*, 832 F.2d 141 (11th Cir. 1987).

For these reasons, petitioner's request, construed as a petition for mandamus relief, shall be denied and the case dismissed. An order follows.


Filed: May 18, 2006                                       __/s/_____
                                                          Andre M. Davis
                                                          United States District Judge

---

3850 (D. Md.). This action does not meet the "imminent danger" exception found under § 1915(g) and may not proceed without the payment of the filing fee.

[4] A writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *See In re Beard*, 811 F.2d 818, 826 (4th Cir.1987).